UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| HEATHER HOOKS, individually and on behalf of all similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) Case No. 21-cv-04072-SLD-JEH |
| v. | ) ) |
| AMERICOLD LOGISTICS, LLC, a Georgia limited liability company, | ) ) ) |
| Defendant. | ) |

### AMENDED NOTICE OF REMOVAL

Defendant Americold Logistics, LLC ("Americold" or "Defendant"), by its attorneys, Jody Kahn Mason and Jason A. Selvey of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, hereby files this Amended Notice of Removal in support of the removal of this action from the Circuit Court of the Ninth Judicial Circuit, Warren County, Illinois, to the United States District Court for the Central District of Illinois, Rock Island Division consistent with this Court's Order of April 20, 2021 (Dkt. No 4). In the April 20, 2021 Order, this Court directed Americold to file an amended notice of removal that adequately alleges the factual basis for this Court's jurisdiction. As detailed more fully below, because Americold asserts that this Court has jurisdiction only under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), only the minimal diversity pled by Americold is required to establish jurisdiction and the citizenship status of each of its members is not necessary to determine if minimal diversity exists. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it as its principal place of business and the State under whose laws it is organized."). In support thereof, Americold states as follows:

**Procedural History and Plaintiff's Allegations**

1.      On March 5, 2021, Plaintiff Heather Hooks ("Plaintiff") commenced this action by filing a putative Class Action Complaint with Jury Demand ("Complaint") against Americold in the Circuit Court of the Ninth Judicial Circuit, Warren County, Illinois alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* The lawsuit is captioned *Heather Hooks v. Americold Logistics, LLC,* and numbered 2021 L 4 (the "State Court Action"). A copy of Plaintiff's Complaint ("Compl.") is attached as Exhibit A.

2.      Plaintiff is a former employee of Americold who worked at its facility in Monmouth, Illinois. (Compl. ¶ 15). In her Complaint, Plaintiff alleges that Americold "implemented biometric scanning and time-tracking devices and technology to monitor and manage its workers', including Plaintiff's, time on the job" and that Americold required Plaintiff "to provide biometric scans to Defendant each time [she] needed to clock in and clock out of a shift at work" without following the requirements of the BIPA. (Compl. ¶¶ 16-17).

3.      Specifically, Plaintiff alleges that Americold failed to comply with the BIPA by: (a) "fail[ing] to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored prior to such collection or storage"; (b) "fail[ing] to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used,"; (c) fail[ing] to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used"; (d) "fail[ing] to obtain a written release"; (e) "fail[ing] to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store"; and (f) fail[ing] to obtain informed consent to disclose or disseminate the Class' biometrics." (Compl. ¶ 37). Plaintiff further alleges that "[b]y obtaining and operating

2

an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant avoided human-resource management costs and thus profited from Plaintiff's and the Class members' biometric identifiers and biometric information" in violation of the BIPA. (*Id.*)

4. For themselves and each member of the putative class, Plaintiff seeks: (1) "statutory damages of $5,000 for each willful and/or reckless violation of BIPA"; (2) "1,000 for each negligent violation of BIPA"; (3) injunctive and equitable relief; (4) "reasonable attorneys' fees, costs, and other litigation expenses"; and (5) pre- and post-judgment interest. (Compl., Prayer for Relief).

5. Under 740 ILCS 14/20(1)-(2), Plaintiff may recover "(1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or] (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater…."

6. Plaintiff seeks to represent a class defined as: "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period." (Compl. ¶ 23). Plaintiff does not define what she believes to be "the applicable limitations period." Further, the BIPA is silent as to the applicable statute of limitations. While Americold does not concede that claims under the BIPA are subject to a five-year statute of limitations, the longest potential limitations period for claims under the BIPA is five years.

**Timeliness of Removal**

7. Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed

3

within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." As explained below, the grounds for removal here are apparent on the face of the Complaint.

8. On March 19, 2021, Americold was served with the Complaint and Summons. Americold has not filed an answer or any other pleading responsive to the Complaint, nor has Americold appeared or made any arguments before the State Court.

9. Americold filed its original Notice of Removal on April 19, 2021.[1] (Dkt. No. 1). As such, Americold's Notice of Removal was timely. Americold now files this Amended Notice of Removal consistent with this Court's Order of April 20, 2021 (Dkt. No. 4) to further clarify the factual and legal basis for this Court's jurisdiction.

## Basis for Removal

10. Removal is proper here under CAFA, 28 U.S.C. § 1332(d). Americold has not asserted and does not assert diversity jurisdiction under 28 U.S.C. § 1332(a). Rather, Americold asserts as the sole basis for jurisdiction that this Court has jurisdiction pursuant to CAFA. Under CAFA, United States District Courts have original jurisdiction over any class action: (i) involving a class of 100 or more members; (ii) where at least one member of the class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under CAFA, 28 U.S.C. § 1332(d)(10), and unlike traditional diversity jurisdiction under 28 U.S.C. § 1332(a),

---

[1] The thirtieth day after March 19, 2021 was Sunday April 18, 2021. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of the period is a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

4

unincorporated associations such as limited liability companies are deemed to be citizens of the State where they have their principal place of business and the State under whose laws they are organized. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it as its principal place of business and the State under whose laws it is organized.") These prerequisites are satisfied here.

11. First, this matter is a covered "class action." Pursuant to CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff purports to bring this lawsuit on behalf of a class of individuals and seeks to represent them and their interests in this action as provided for under the Federal Rules of Civil Procedure and the Illinois Code of Civil Procedure provisions for class actions, 735 ILCS 5/2-801, *et seq.* (Compl. ¶¶ 23-30, Prayer for Relief).

12. Second, this class action involves a proposed class of more than 100 members. In the five years preceding the filing of Plaintiff's Complaint on March 5, 2021 through the present, which is the longest potentially relevant limitations period relative to Plaintiff's claims, more than 500 current and former Americold employees have used the timekeeping system at issue under conditions Plaintiff alleges violate the BIPA.[2] (Declaration of Rhonda Arceneaux, attached hereto as Exhibit B, ¶ 6).

13. Third, the minimal diversity requirement of CAFA set forth in 28 U.S.C. § 1332(d)(1) is met. As Plaintiff has asserted, she is a citizen of the State of Illinois. (Compl. ¶ 10).

---

[2] Americold denies that it violated the BIPA, denies that a class could be properly certified, and denies that Plaintiff or the putative class is entitled to any relief whatsoever.

Americold is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. (Ex. B, Declaration of Rhonda Arceneaux, ¶ 5). Because Americold is an unincorporated association, pursuant to 28 U.S.C. § 1332(d)(10), for purposes of jurisdiction under CAFA, it is deemed to be a citizen of the State where it has its principal place of business (Georgia) and the State under whose laws it is organized (Delaware). *See Kitson v. Bank of Edwardsville,* Case No. 06-528-GPM, 2006 U.S. Dist. LEXIS 85285, *23, n. 3 (S.D. Ill. Nov. 22, 2006) (noting that "CAFA specifically provides that the citizenship of an incorporated association is tested under essentially the same standard as a corporation" and that "[t]his of course is a legislative repeal of judicial construction of the diversity statute holding that the citizenship of an unincorporated association is the citizenship of its members"); *see also Bond v. Veolia Water Indianapolis, LLC,* 571 F.Supp.2d 905, 909-10 (S.D. Ind. 2008) (holding that the citizenship of defendant, a limited liability company, "must be determined as if it were a corporation" for purposes of CAFA, because it is an "unincorporated association" under section 1332(d)(10)).

14. As such, at least one member of the proposed class (the named plaintiff) is a citizen of a different state than Americold and this case meets the minimal diversity requirement of CAFA. 28 U.S.C. § 1332(d)(2)(A) (minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant"). *Compare Wise v. Wachovia Securities, LLC,* 450 F.3d 265, 267 (7th Cir. 2006) (cited by this Court in its Order of April 20, 2021, but where, unlike here, traditional diversity under 28 U.S.C. § 1332(a) was asserted as the basis for the court's jurisdiction as opposed to CAFA jurisdiction under 28 U.S.C. § 1332(d)); *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) (same); *with Roberson v. Maestro Consulting Servs. LLC,* Case No. 20-cv-895, 2020 U.S. Dist. LEXIS 233868, *n. 2 (S.D. Ill. Dec. 14, 2020) (noting that

6

the defendants, all limited liability companies, are unincorporated associations for purposes of CAFA, 28 U.S.C. § 1332(d)(1), and are therefore deemed to be citizens of Illinois because they are organized under the laws of Illinois and maintain their principal places of business in Illinois). Because Americold does not assert traditional diversity under 28 U.S.C. § 1332(a) as a basis for this Court's jurisdiction, Americold respectfully asserts that the citizenship of each of its members is neither relevant nor required to establish minimal diversity as required by CAFA. *See* 28 U.S.C. § 1332(d)(10).[3]

15. Fourth, the amount in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiff brings claims on behalf of herself and a class of "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period." (Compl. ¶ 23). As defined, and using the longest potentially relevant limitations period of five years preceding the date Plaintiff filed the Complaint, the putative class would include more than 500 individuals.[4] (Ex. B, Declaration of Rhonda Arceneaux, ¶ 6).

16. On behalf of herself and the putative class, Plaintiff seeks to recover statutory liquidated damages of $5,000 for each reckless or willful violation of the BIPA and $1,000 for each negligent violation. (Compl., Prayer for Relief). Plaintiff does not state what she contends constitutes "each violation" of the BIPA, and that issue remains unsettled. However, Plaintiff

---

[3] Under current precedent and information known to Americold at the present time, Americold cannot say that there is complete diversity in this matter. However, as set forth herein, complete diversity is not required to establish jurisdiction under CAFA. Rather, only minimal diversity is required under CAFA. Minimal diversity is established here because Plaintiff is a citizen of Illinois and Americold is a citizen of Georgia and Delaware under 28 U.S.C. § 1332(d)(1).

[4] Americold again does not concede that claims under the BIPA are properly subject to a five-year statute of limitations, but accepts such is the longest potential limitations period for purposes of this Notice of Removal. Moreover, Americold again nevertheless denies that it violated the BIPA, denies that a class could be properly certified and denies that Plaintiff and the putative class are entitled to any of the relief they seek.

7

brings this action on behalf of a putative class of individuals whose biometric information was allegedly collected, stored, and used in connection with Americold's timekeeping system, and she alleges that Americold's "practice with respect to capturing, collecting, storing, and using biometrics fails to comply" with Sections 15(b)(1), 15(b)(2), 15(b)(3), 15(a), 15(d)(1), and 15(c) of the BIPA. (Compl. ¶ 9(a)-(g)). Given that Plaintiff alleges Americold failed to comply with six different statutory provisions of the BIPA as to each member of the putative class, the amount in controversy would necessarily exceed $5,000,000 to the extent she seeks for each putative class member a separate award of statutory damages of $5,000 for each statutory provision of the BIPA which she alleges was violated by Americold, as alleged in the Complaint.[5] (Compl. ¶ 39, Prayer for Relief). Thus, the threshold required to support removal under CAFA is satisfied here.

### Venue and Procedural Steps

17. The United States District Court for the Central District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Warren County, Illinois, which is located in this district and division.

18. As required by 28 U.S.C. § 1446(a), the Complaint, Summons, and any other "process, pleadings, and orders" served on Americold were attached as group Exhibit A to Americold's original Notice of Removal. (Dkt. No. 1).

---

[5] To be clear, Americold denies that Plaintiff and the putative class are entitled to an award of $5,000 or $1,000 in statutory damages under any circumstances and further denies that they could obtain multiple recoveries for the same purported BIPA violation. In other words, Americold expressly denies that Plaintiff and the putative class could obtain a separate recovery for each provision of the BIPA allegedly violated by Americold. Americold accepts Plaintiff's apparent position solely for purposes of this Notice of Removal.

8

19. As required by 28 U.S.C. § 1446(d), written notice of this Amended Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail. A copy of Americold's original Notice of Removal was promptly filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit, Warren County, Illinois.

20. By filing this Notice of Removal, Americold does not waive any defenses to the claim Plaintiff asserts on behalf of herself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

**WHEREFORE,** Defendant Americold Logistics, LLC files this Amended Notice of Removal in support of its removal of case number 2021 L 4, from the Circuit Court of the Ninth Judicial Circuit, Warren County, Illinois, to the United States District Court for the Central District of Illinois, Rock Island Division.

Dated: May 4, 2021

Respectfully submitted,

AMERICOLD LOGISTICS, LLC

By: /s/ *Jody Kahn Mason*
One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
JACKSON LEWIS P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
(312) 787-4949
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com

9

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 4, 2021, she caused a true and correct copy of the foregoing *Amended Notice of Removal* to be filed electronically using the Court's Electronic Filing System, and will serve a copy on the following counsel of record for Plaintiff by email at the following addresses:

>Timothy P. Kingsbury
>Andrew Heldut
>McGuire Law, P.C.
>55 W. Wacker Drive, 9th Floor
>Chicago, IL 60601
>tkingsbury@mcgpc.com
>aheldut@mcgpc.com

>/s/ *Jody Kahn Mason*

4832-1862-9096, v. 1